IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEON S. GLENN, | ) | CASE NO: 4:18 CV-00436 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF DEON S. GLENN'S** |
| DIRECTOR GARY MOHR, et al., | ) | **BRIEF IN SUPPORT OF MOTION** |
| | ) | **FOR ATTORNEY FEES** |
| Defendants. | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

This Court granted the primary relief Plaintiff Deon S. Glenn sought under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. 2000cc et seq., declaring unlawful and enjoining Defendants Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary C. Mohr and Trumbull Correctional Institution ("TCI") Warden Charmaine Bracy's enforcement of inmate grooming polices and a dreadlock ban against him. Because Mr. Glenn is the prevailing party in this civil rights matter, he is entitled to the reasonable fees that he seeks here.

**FACTUAL BACKGROUND**

As a devout Rastafarian, Mr. Glenn, an Ohio prison inmate, is required to wear his hair in dreadlocks. In early January 2018, ODRC and TCI personnel informed Mr. Glenn that they would enforce inmate grooming policies and a dreadlock ban against him, and that he must remove his dreadlocks by January 12, 2018. (Doc. No. 1 & 2.) At this time,

the Milton A. Kramer Law Clinic Center ("Clinic") at Case Western Reserve University School of Law took on Mr. Glenn's representation. *See* Declaration of Avidan Y. Cover in Support of Motion for Attorney Fees, ¶ 3. (Attachment No. 2.) Supervised and assisted by an experienced lawyer and faculty member, Avidan Y. Cover, legal interns—third-year law students Anthony Cirranello, Jr., Lindsay Cook, and Valerie Villacampa—proceeded to work on behalf of Mr. Glenn. *Id.*

The Clinic's primary objective was to prevent Defendants and their agents from cutting or removing Mr. Glenn's dreadlocks. On February 22, Mr. Glenn moved for a temporary restraining order and preliminary injunction, contending that Defendants' enforcement of the grooming policies and dreadlock ban against him violates RLUIPA. (Doc. No. 1 & 2.) On February 26, the parties agreed during a judicial conference to "status quo"—preventing any further adverse action against Mr. Glenn for wearing his dreadlocks—until the Court's ruling on summary judgment. (Order Feb. 26, 2018.)

On May 14, 2018, the Court denied Defendants' Motion for Summary Judgment and granted Mr. Glenn's Motion for Summary Judgment. (Doc. No. 22.) The Court specifically "grant[ed] plaintiff's request for a declaration that the grooming policies as applied to him, violate RLUIPA" and "enjoined [Defendants] from enforcing such policies against plaintiff." *Id.* at 16. The Court did not address whether Defendants may enforce the dreadlock ban against other inmates.

While working on this matter, the legal interns collectively worked a total of 198.42 hours. Cover Decl. ¶ 5. They logged their time in detailed fashion in the Clinic's web-based platform, "Clio." Cover Decl. ¶ 4. In addition to pre-litigation research, the legal

interns and Mr. Cover drafted the motion for a temporary restraining order and preliminary injunction, along with a complaint and brief in support; corresponded with Defendants' counsel; conducted expedited discovery; and drafted cross-motions for summary judgment, including principal, responsive, and rely briefs. In addition, Mr. Cover worked more than 60 hours on this matter but does not seek fees for his time and activity spent on the matter. *Id.* at ¶ 6. Nor does Mr. Glenn seek fees for the hours spent on the instant motion.

## LAW AND ARGUMENT

### THE COURT SHOULD REQUIRE DEFENDANTS TO PAY THE REASONABLE FEES ASSOCIATED WITH PREVAILING PARTY MR. GLENN'S MATTER

Private attorneys' litigation of civil rights matters is vital to securing compliance with the law. "Congress enacted 42 U.S.C. § 1988 to encourage the private enforcement of civil rights." *Hescott v. City of Saginaw*, 757 F.3d 518, 523 (6th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). Section 1988 provides, in part, that in any action to enforce RLUIPA, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." § 1988(b). Notwithstanding the discretionary authority the section grants the court, "the Supreme Court has read [§ 1988] as mandatory where the plaintiff prevails and special circumstances are absent." *Déjà Vu v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 421 F.3d 417, 420 (6th Cir. 2005) (citing *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989) (alternations in original))). Because Mr. Glenn prevailed in his RLUIPA lawsuit, obtaining the declaratory and injunctive relief he sought, the Clinic is entitled to reasonable attorney fees.

### A. Mr. Glenn is the prevailing party

Civil rights plaintiffs prevail "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Texas State Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989). The plaintiff prevails and is entitled to attorney fees if the court's judgment requires "some action (or cessation of action) by the defendant," *Hewitt v. Helms*, 482 U.S. 755, 761 (1987), and the relief "materially alter[s] the legal relationship between the parties." *Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012) (per curiam). *See also Buckhannon Bd. &Care Home, Inc. v W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001).

A devout Rastafarian, Mr. Glenn sought to stop Defendants from substantially burdening his religious exercise by disciplining or punishing him for refusing to cut his hair. Specifically, Mr. Glenn sought a declaration and injunction preventing the enforcement of Defendants' grooming policies and dreadlock ban against him. In its Memorandum and Opinion and Judgment Entry, the Court granted that very relief, holding such enforcement violates RLUIPA and ordering that Defendant cease their enforcement, materially altering the parties' relationship. Accordingly, Mr. Glenn is the prevailing party in this litigation.

### B. Mr. Glenn's Requested Fees Are Reasonable

A court should calculate "reasonable fees" under § 1988 "according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). A court calculates reasonable fees by the lodestar method. *Id.* at 888. The lodestar is "the

number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate." *Ne. Ohio Coal. for the Homeless (NEOCH) v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016) (quoting *Hensley*, 461 U.S. at 433).

Mr. Glenn seeks an award for reasonable fees associated only with the work conducted by his legal interns. Mr. Glenn does not seek fees for the work conducted by Mr. Cover, the supervising attorney and professor of law, who has 16 years of legal experience, specifically civil rights cases. Mr. Cover expended more than 60 hours on this matter. Courts have approved hourly billing rates for someone of Mr. Cover's experience that range from $300 to $500. *See, e.g., NEOCH*, 831 F.3d at 715-20.

Legal interns are routinely granted reasonable fees for the work they conduct in successful litigation. Mr. Glenn provides detailed documentation of the interns' hours—totaling 198.42—along with a declaration by Mr. Cover, *see* Attachments No. 2-4, enabling the Court to determine the recorded hours were actually and reasonably expended. *NEOCH*, 831 F.3d at 702.

Mr. Glenn proposes $100 as the hourly rate at which the legal interns should receive fees. Numerous courts have upheld the $100 hourly billing rate as appropriate for legal interns. The Eighth District Court of Appeals of Ohio specifically held as reasonable a $100 hourly rate for legal interns working at the Clinic—the very same entity representing Mr. Glenn. *Favors v. Burke*, No. 98617, 2013 WL 871923, 2013-Ohio-823, ¶¶ 26- 28 (8th Dist. 2013). In addition, various federal courts have approved $100—and even higher hourly billing rates—for legal interns. *See Mohammadi v. Nwabuisi*, No. 5:12-CV-42 (RP), 2017 WL 4820364, at *4 (W.D. Tex. Oct. 24, 2017) (finding $125 "a reasonable

and customary rate for paralegal and legal interns"); *Prather v. Sun Life Fin. Distributors, Inc.*, No. 14-3273, 2017 WL 1528685, at *2 (C.D. Ill. Apr. 27, 2017) (same); *Doe v. Darien Bd. of Educ.*, No. 3:11-CV-1581 (JBA), 2015 WL 8770003, at *6 (D. Conn. Dec. 14, 2015) (finding $100 "a reasonable hourly rate for a legal intern or summer associate"); *C1 Design Grp., LLC v. United States, Internal Revenue Serv.*, No. 1:15-CV-000146 (CWD), 2017 WL 3319109, at *5-6 (D. Idaho Aug. 3, 2017) (finding $100 hourly rate appropriate for law students working as legal interns). Accordingly, Mr. Glenn respectfully requests that the Court grant his request for $19,842 in fees because it is based on specifically detailed documentation of 198.42 hours of work at the reasonable $100 hourly rate.

## CONCLUSION

For the foregoing reasons, Plaintiff Deon S. Glenn respectfully moves this Court for an award of $19,842 in attorney fees.

Respectfully submitted,

/s/ Avidan Y. Cover
Avidan Y. Cover (0087534)
CASE WESTERN RESERVE UNIVERSITY
SCHOOL OF LAW
MILTON A. KRAMER LAW CLINIC CENTER
11075 East Boulevard
Cleveland, Ohio 44106
(216) 368-2766
Avidan.cover@case.edu
*Attorney for Deon Glenn*

DATED: May 29, 2018