## UNITED STATES DISTRIC COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DEON S. GLENN, | ) | CASE NO: 4:18 CV-00436 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | **DECLARATION OF AVIDAN Y.** |
| | ) | **COVER IN SUPPORT OF** |
| DIRECTOR  GARY  MOHR, | ) | **PLAINTIFF'S MOTION FOR** |
| et al., | ) | **ATTORNEY FEES** |
| | ) | |
| Defendants. | ) | |

I, Avidan Y. Cover, hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge:

1.  I am a lawyer admitted to practice in the State of Ohio and the Northern District of Ohio. I am also a member of the New York and New Jersey bars. I am a 2002 graduate of Cornell Law School.

2.  Since June 2011, I have been employed by Case Western Reserve University School of Law, where I teach in the Milton A. Kramer Clinic Center (the "Clinic"). I supervise third-year law students practicing as legal interns under Ohio Sup. Ct. R. Gov. Bar II(1)(3).

3.  Deon S. Glenn, the plaintiff in this action, has been a client of the Clinic since January 2018. Since that time, Mr. Glenn has been represented by legal interns Anthony Cirranello, Jr., Lindsay Cook, and Valerie Villacampa, under my supervision. This Court granted them leave on March 2, 2018, pursuant to Local Civil Rule 83.6, to appear in these proceedings.

4.   I am familiar with the Clinic's system for keeping track of the hours expended on Clinic matters by legal interns. Legal interns use a web-based platform called "Clio" to log their activity and their hours when they perform work on a client matter. (As set forth in paragraph 7, the proposed fees do not rely on the indicated Clio-rate of $150 per hour but rely on a more conservative and reduced rate.)

5.   The Clio records reveal that for the representation of Mr. Glenn, from the time of factual investigation and preparation of initial filings through the May 14, 2018 judgment entry granting his motion for summary judgment, request for declaratory, and request for injunctive relief, the Clinic's legal interns spent 198.42 hours working on this matter on Mr. Glenn's behalf. The time expended under the Clio matter titled "Deon Glenn" totals 134.65 hours. Documentation from Clio is included as Attachment No. 3. Some of the initial hours are logged in a matter titled "Cecil Koger," owing to the fact that a matter had not yet been created in the Clio system, but the descriptions indicate that the hours logged related to Mr. Glenn's case. The relevant documentation from Clio is included as Attachment No. 4. The total listed in Attachment No. 4 indicates 73.88 hours, but work not conducted on Mr. Glenn's matter is subtracted, providing a total of 63.77 hours.

6.   The hours-total does not include work done by legal interns other than Mr. Cirranello, Ms. Cook, and Ms. Villacampa. The total also does not include the more-than-60 hours that I have spent working on the matter. An attorney with my years of civil rights experience would regularly charge within the range of $300 to $500 per hour. *See, e.g., Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715-20 (6th Cir. 2016). The hours-

2

total also does not include expenses such as costs for travel to meet with Mr. Glenn or legal research.

7.   As an attorney practicing in the Cleveland legal market, I am familiar with prevailing hourly rates for lawyers. In my opinion, a conservatively appropriate hourly rate for the work of legal interns is $100. This rate has been approved by Ohio's Eighth District Court of Appeals, *Favors v. Burke*, 8th Dist. Cuyahoga No. 98617, 2013-Ohio-823, ¶¶ 28, and numerous federal courts. *See, e.g., Prather v. Sun Life Fin. Distributors, Inc.*, No. 14-3273, 2017 WL 1528685, at *2 (C.D. Ill. Apr. 27, 2017).

8.   The hours worked by legal interns on Mr. Glenn's matter multiplied by a $100 hourly rate results in attorney fees totaling $19,842. Again, this number underestimates the actual total because it does not include time spent by fully licensed attorneys or time expended after the total hours were calculated. Nor are any expenses calculated here.

9.   Given the nature of the case, I believe that a $19,842 attorney-fee award would be reasonable in this case.


I declare under penalty of perjury that the foregoing is true and correct.


/s/ Avidan Y. Cover_____
AVIDAN Y. COVER


Dated: May 29, 2018

3