**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Deon S. Glenn,** | ) | **CASE NO. 4:18 CV 00436** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Director Gary Mohr, et al.,** | ) | |
| | ) | **Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff Deon S. Glenn's Motion for Attorney Fees. (Doc. 24). The motion is unopposed. This case arose under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). For the reasons that follow, Plaintiff's motion is GRANTED. Plaintiff is awarded fees in the amount of $18,516.00.

**FACTS**

On February 22, 2018, Plaintiff Deon S. Glenn filed a complaint against Defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Director Gary C. Mohr, and Trumbull Correctional Institution Warden Charmaine Bracy. Plaintiff alleged in his complaint that the

1

inmate grooming policy maintained by Defendants, which prohibited dreadlocks, violated RLUIPA.

The Court set an expedited case management schedule with limited discovery, after which the parties filed cross motions for summary judgment. On May 14, 2018, the Court denied Defendants' motion for summary judgment and granted Plaintiff's motion. In so doing, the Court granted Plaintiff's request for a declaration that the grooming policies as applied to him violated RLUIPA, and enjoined Defendants from enforcing those policies against Plaintiff. The Court took no position on whether the dreadlock ban is enforceable with respect to other inmates.

Plaintiff subsequently filed the motion for attorney's fees at issue here pursuant to 42 U.S.C. § 1988. The motion is unopposed.

**ANALYSIS**

District courts have discretion pursuant to 42 U.S.C. § 1988 to award reasonable attorney's fees to the prevailing party in a civil rights suit. *Loudermill v. Cleveland Bd. of Educ.*, 844 F.2d 304, 308-09 (6th Cir. 1988). That statute states, in relevant part:

> In any action or proceeding to enforce a provision of . . . the [RLUIPA] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988. Although the statute is discretionary, "the Supreme Court has read [§ 1988] as mandatory where the plaintiff prevails and special circumstances are absent." *Déjà Vu v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 421 F.3d 417, 420 (6th Cir. 2005); *see also*

*Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 447 (6th Cir. 2000) ("Although discretionary, a district court should award fees to a plaintiff if that plaintiff prevails.").

Because the Plaintiff in this case is a prisoner, any award of attorney's fees here is also subject to the fee provision of the Prisoner Litigation Reform Act ("PLRA"), which limits an award of attorney's fees "in any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under [§ 1988]." 42 U.S.C. § 1997e(d)(1). The PLRA allows an award of attorney's fees in a § 1983 claim brought by a prisoner only to the extent that the fee "was directly and reasonably incurred in proving an actual violation of the plaintiff's rights . . . and [1] the amount of the fee is proportionately related to the court ordered relief for the violation; or [2] the fee was directly and reasonably incurred in enforcing the relief ordered for the violation." § 1997e(d)(1)(A)-(B).

### A. Prevailing Party

Plaintiff argues, and this Court agrees, that he was the prevailing party in this action. Generally, plaintiffs may be considered "prevailing parties" for attorney's fees purposes "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Texas State Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989). Here, the Court granted Plaintiff's motion for summary judgment and enjoined Defendants from enforcing their grooming policies against Plaintiff. Plaintiff was, therefore, the prevailing party in the underlying RLUIPA litigation.

### B. Lodestar Calculation

The traditional starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably

expended on the litigation by a reasonable hourly rate. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The Court "may then, within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). The party seeking an award of fees must "submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff seeks an award for attorney's fees associated with the work conducted by the law students who worked on his case. The students, Anthony Cirranello, Jr., Lindsay Cook, and Valerie Villacampa (together, the "Clinic students"), are participants in the Milton A. Kramer Clinic Center (the "Clinic") at Case Western Reserve University School of Law. (Doc. 24-2 2,3). The Clinic students were supervised by Professor Avidan Y. Cover, but Plaintiff only seeks fees for the work done by the students. *See id.*[1] To substantiate the number of hours worked by the Clinic students, Plaintiff attaches an affidavit from Professor Cover, as well as two exhibits consisting of time logs which describe the dates of the students' work, the specific

---

[1] As a threshold matter, Plaintiff argues that legal interns and law students are routinely granted attorney's fees for their work in successful litigation. The Court agrees. *See, e.g. Ne. Ohio Coal. For the Homeless v. Husted*, 831 F.3d 686, 714 (6th Cir. 2016) (affirming fee award for work done by law clerks); *Iswed v. Caruso,* 2013 WL 12093132 (W.D. Mich. Feb. 14, 2013) (awarding fees for work done by law students); *Mohammadi v. Nwabuisi,* 2017 WL 4820364, *4 (W.D. Tex. Oct. 25, 2017) (awarding fees for work done by legal interns); *Doe v. Darien Bd. of Educ.,* 2015 WL 8770003, *6 (D. Conn. Dec. 14, 2015) (same).

work performed, and the amount of time spent on each activity.  Based upon this evidence, Plaintiff argues that the Clinic students spent a total of 198.42 hours working on the case.

The Court has reviewed Plaintiff's evidence and disagrees with Plaintiff's calculation of the total number of hours spent by the Clinic students on this case.  The first exhibit attached to Professor Cover's affidavit sets forth billing entries by the Clinic students which sufficiently establish that 134.65 hours were spent on Plaintiff's case. (Doc. 24-3).  The second exhibit attached to the affidavit ("Exhibit 2") contains multiple billing entries associated with the "Cecil Koger" matter.  (Doc. 24-4).  Professor Cover avers that Plaintiff's case had not yet been set up in the computer system when the Clinic students began their work thereon, but that the descriptions of the students' work demonstrate that the work set forth in Exhibit 2 under the "Cecil Koger" matter was actually related to Plaintiff's case.  (Doc. 24 ¶ 5).  The Court notes that some of the entries in Exhibit 2, however, do not contain descriptions identifying work on Plaintiff's case and are attributed to students other than the Clinic students.  (Doc 24-4, PageID # 431-33).  After excluding those entries, Exhibit 2 establishes that the Clinic students spent 50.51 hours on Plaintiff's case, not 63.77 as argued by Plaintiff.  *See* Doc. 24-4.  Thus, the billing entries submitted by Plaintiff in the two exhibits show that the students spent a total of 185.16 hours working on Plaintiff's case.

With regard to the reasonableness of the work performed, the Clinic students' time entries demonstrate that their work directly related to the summary judgment and injunction that Plaintiff eventually obtained.  The Court finds it relevant that Plaintiff does not seek compensation for Professor Cover's time, and seeks only compensation for the time spent by the students.  Moreover, Defendants do not oppose any portion of the motion for fees, including the

reasonableness of the hours expended.  Thus, the Court finds that the total of 185.16 hours spent on Plaintiff's case is reasonable.

Plaintiff requests that fees be awarded at the rate of $100 per hour.  Plaintiff argues that the Eighth District has previously held that a $100 hourly rate for interns working at this Clinic is reasonable, and that courts have approved $100 and higher for legal interns.  Plaintiff cites several cases in support of his argument.  *See, e.g. Prather v. Sun Life Fin. Distribs., Inc.,* 2017 WL 1528685, *2 (C.D. Ill. Apr. 27, 2017) ($125 is a reasonable rate for legal interns); *Mohammadi,* 2017 WL 4820364 at *4 (same); *Favors v. Burke,* 2013 WL 871923 ¶¶ 26-28 (8th Dist. Mar. 7**,** 2013) (awarding $10,000 in fees awarded to Clinic for legal work).  Further, Professor Cover avers that, based upon his experience, he believes that $100 is a conservatively appropriate hourly rate for legal interns. (Doc. 24-2 ¶ 7).

A reasonable hourly rate is typically "the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir. 2004).  In light of the fact that Defendants have not opposed the reasonableness of the hourly rate requested, the Court will grant Plaintiff's request for fees at the rate of $100/hour for the students.

### C. PLRA

The PLRA places limits on the amount of fees that may be awarded under § 1988 to attorneys who litigate prisoner lawsuits.  The PLRA provides in relevant part:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—

> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>
> (B)(i) the amount of fee is proportionately related to the court ordered relief for the violation; or (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

§ 1997e(d)(1). Based on the facts above, and given that Defendant has not opposed the motion, the Court finds that the PLRA does not preclude an award of fees here. As previously stated, the Court has reviewed the time entries submitted by Plaintiff, and finds that the fees requested were directly and reasonably incurred in proving an actual violation of Plaintiff's rights under the RLUIPA. Further, the Court has reviewed Professor Cover's affidavit, which indicates that Plaintiff does not seek fees for Professor Cover's time, or for costs. Thus, the Court finds that the amount of the fee is proportionately related to Plaintiff's court-ordered relief.[2]

The PLRA also limits the compensable hourly rate of attorneys to no greater than 150 percent of the hourly rate for payment of court-appointed counsel, as established under 18 U.S.C. § 3006A. This statute is the Criminal Justice Act ("CJA"), which establishes the maximum allowable fees for court-appointed counsel representing defendants in federal criminal cases. *See Hadix v. Johnson,* 398 F.3d 863, 865 (6th Cir. 2005). In the Sixth Circuit, "the

---

[2] The PLRA also provides that whenever a monetary judgment is awarded in an action, a portion of the judgment shall be applied to satisfy any amount of attorney's fees awarded. *See* § 1997e(d)(2). Since Plaintiff did not receive a monetary judgment here, this section of the statute does not apply. *See Walker v. Bain,* 257 F.3d 660, 667 n. 2 (6th Cir. 2001) ("We caution that if non-monetary relief is obtained, either with or without money damages, § 1997e(d)(2) would not apply."); *Lee v. Eller*, 2015 WL 1286038 (S.D. Ohio Mar. 20, 2015) (same).

maximum allowable attorney fees under the PLRA [is] based on the amount authorized by the Judicial Conference." *Id.* at 868.  Here, the Clinic students' work was performed between January and May 2018.  The CJA rate during that time changed from $132 to $140 per hour.  *See* Judicial Conference, Guide to Judiciary Policy, Vol. 7, Part A, § 230.  The PLRA limits the hourly rate of attorneys to no greater than 150 percent of these amounts.  Plaintiff's requested rate of $100 is, therefore, well below the maximum rate established by the PLRA.

In sum, the Court finds that the hours expended on this matter (185.16) and rate requested by Plaintiff are reasonable and in compliance with the PLRA.  Plaintiff's motion is granted.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorney's fees is GRANTED.  Plaintiff is awarded fees in the amount of $18,516.00.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 8/7/18